Streater lived, which was a chance that Ryman took. It is clear that all the facts are not known by us, as the parties are all dead. It is now too late for Streater's heirs to do what he neglected to do, as regards the income, during his lifetime: Church v. Winton, 196 Pa. 107; Campbell v. Boggs, 48 Pa. 524; Derr's Est., 203 Pa. 96. The case of Kribbs v. Downing, 25 Pa. 399, involved the transactions of an attorney with his client, and the court disposes of the charges of fraud in the following words: 'When a person, against whom a fraud has been perpetrated, lies by for twenty-one years without causing it to be investigated, he will not then be permitted to show it. From so long an acquiescence, the presumption of law is conclusive that all was done rightly.' "

Appeals dismissed at appellants' costs.

---

## Davis v. Van Horn, Appellant.

*Wills—Construction—Rule in Shelley's case.*

Testatrix by will provided as follows: "I give and bequeath to M, who is now living with me, whom I have raised and cared for from the early childhood, the house and lot......for her use and benefit during her natural life, after her dead, the same to go to her heirs, but in case she should die without leaving any children, then in that case, the same to go to my grandchildren, share and share alike, to be theirs absolute." *Held,* M took an estate in fee tail, which under the Act of April 27, 1855, P. L. 368, was enlarged into a fee simple.

Argued April 16, 1913. Appeal, No. 133, Jan. T., 1913, by defendant, from judgment of C. P. Luzerne Co., March T., 1913, No. 485, in favor of plaintiff, in case of Fred B. Davis v. Wm. M. Van Horn, defendant, and John W. Gates, Mary A. Gates, Abram N. Gates, Charles B. Gates and Myran Strickland, Guardian of Emily J. Gates, Intervenors. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit in the nature of a case stated to determine the extent of plaintiff's interest in realty under a will. GARMAN, J., filed the following opinion:

Mary Gates, late of the Borough of Kingston, died in 1890 testate, providing in her will for one Mary G. Meyers as follows:

"I give and bequeath to Mary G. Meyers, who is now living with me, whom I have raised and cared for from the early childhood, the house and lot in Kingston Borough, on the southeasterly side of Main Street, adjoining my own residence, on the northeasterly side of same, for her use and benefit during her natural life, after her dead, the same to go to her heirs, but in case she should die without leaving any children, then in that case, the same to go to my granchildren, share and share alike, to be theirs absolute."

The said Mary G. Meyers in October, 1910, sold the said lot to Fred B. Davis, the above named plaintiff, who in November, 1912, contracted with W. M. Van Horn, the defendant, for the sale of said lot to said Van Horn.

By the terms of the contract, Van Horn was to pay Davis one hundred dollars down and the balance of thirty-nine hundred dollars within thirty days from date of said contract, upon the execution and delivery of a deed in fee simple therefor.

Davis has executed and tendered to Van Horn a deed in fee simple but Van Horn refuses to receive the deed or pay the balance due on the contract, alleging as his reason therefor that Davis is not the owner of a fee in said land and can only transfer the life interest which Mary G. Meyers had in the land under the terms of the will.

The case is therefore submitted to us to determine whether Mary G. Meyers under the said will took an estate in fee simple in the said land or merely a life estate.

As this question has already been passed upon by the learned president judge of our Orphans' Court, in the

distribution of the fund arising from the leasing of the coal under the real estate devised by the quoted portion of the will, we have no hesitation in following his ruling which is as follows: 'We think this case is ruled by Kirby's Est., 235 Pa. 542. Mary G. Meyers took an estate in fee tail which under the Act of April 27, 1855, P. L. 368, was enlarged to a fee simple.'

By adopting this ruling, the reasoning in Kirby's Estate is necessarily adopted and further discussion on our part is unnecessary.

We therefore direct that judgment be entered against the defendant in favor of the plaintiff in the sum of Three Thousand Nine Hundred Dollars and costs of suit.

*Error assigned* was the judgment of the court.

*L. A. Dymond,* for appellant.

*W. H. Hines,* for intervenors.

*W. Alfred Valentine,* with him *B. W. Davis,* for appellee.

PER CURIAM, May 19, 1913:

This judgment is affirmed on the opinion of the court below directing it to be entered.

---

## Gemmell, et al., v. Fox, et al., Appellants.

*School law—Directors—Equity—Preliminary injunction—Abuse of discretion.*

1. A preliminary injunction will be awarded in a taxpayers' suit to restrain defendant school directors from acquiring a certain plot of ground for the erection of a school house, where the evidence shows that an additional room to an existing house would be sufficient to accommodate all the pupils of the school district for